BEFORE THE THIRD DIVISION, JANUARY 4, 1939

**No. 40309.**—Protest 879759–G of Robt. Bosch Magneto Co., Inc. (New York).

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been illegally assessed upon certain imported merchandise. Specifically the claim of the plaintiff is against the action of the collector of customs at the port of New York in refusing to reliquidate certain 235 entries of generators and magnetos, parts of agricultural implements, which entries were made at various dates, the earliest being August 10, 1921, and the latest April 22, 1930. The articles appear to have been originally liquidated as dutiable, but later protests were filed against such liquidation and they were held entitled to entry free of duty under paragraph 1504 of the Tariff Act of 1922 and paragraph 1604 of the act of 1930, respectively, as parts of agricultural implements, and the entries were reliquidated accordingly.

During the period while the importer was filing protests on the successive importations, it was applying for drawback on such of the articles as had been incorporated into implements that were exported, and, in order to expedite the payment of drawback, importer waived the protests to the extent that they covered goods exported or intended to be exported.

It appears from the record that in the various suits mentioned above the importer made no objection to executing the waivers referred to and accepted the refunds that were awarded without making any objection, nor did the importer file protest after those reliquidations.

In 1935 importer's brokers applied to the Treasury Department for a re-reliquidation of these 235 entries, refunding the duty on those portions of the importations on which the right of protest was waived. The Department declined to order the collector at New York to re-reliquidate the entries and subsequently the collector refused, in a decision dated April 30, 1936, to re-reliquidate them. Thereupon the instant suit was filed, within sixty days after the refusal by the collector, but long after the statutory period following the reliquidations upon the original protests (section 514, Tariff Act of 1930).

The matter is now before us on a motion by the Assistant Attorney General to dismiss the suit on the following grounds:

1. That it is untimely in that it is filed long after the statutory time had expired.

2. That the merchandise here involved was not included in the reliquidations based on the original protests for those protests had been waived as to it.

3. That the statute (section 514, *supra*) authorizes protests against reliquidations only in cases where a clerical error is discovered "within one year from the date of entry * * *." Upon this point the Government cites the case of *Hiram Walker & Sons, Inc.* v. *United States*, 25 C. C. P. A. 189, T. D. 49293, adhered to on rehearing, 26 C. C. P. A. 121, C. A. D. 4.

At the hearing the court agreed to pass upon these motions before the case was heard on the merits. Should any of these objections be sustained it is plain that a hearing on the merits will not be necessary, for the motions all go to the jurisdiction of the court.

An inspection of the entry papers discloses that they bear dates of liquidation or reliquidation extending from November 22, 1922, to April 26, 1932. The suit now before us was filed on June 15, 1936. It is therefore plain that it was filed in the office of the collector more than sixty days after any liquidation or reliquidation which the importer might have protested. Plaintiff having slept on his rights should not now be allowed to come before the court by the circuitous route of filing objections with the Treasury Department and thereby obtaining a later refusal of the collector from which it could file a protest. We know of no authority in the statute or the decisions for such a course.

The grounds of the Government's motion to dismiss, as phrased in 1 and 2 above, correctly state the effect of the law, and the facts as recited in the early part of this opinion support the conclusion we have reached.

Having determined that the protest is untimely it is unnecessary for us to consider the applicability to the instant case of *United States* v. *Champion Coated Paper Co.*, 22 C. C. P. A. 414, T. D. 47422, relied on by plaintiff's attorney, for his protest was filed out of time and hence has no legal effect.

The case is therefore dismissed. It is so ordered.